■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILL STYLES, Appellant. [616 NYS2d 608] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered May 21, 1992, convicting defendant, after a jury trial, of robbery in the third degree and grand larceny in the fourth degree, and sentencing him as a second felony offender, to concurrent terms of 3 to 6 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant was not deprived of a fair trial by the manner in which the trial court handled defendant's objection to the improper question posed by the People on redirect of the police officer concerning whether he had ever arrested defendant before. Defense counsel's prompt objection before the witness could respond was immediately sustained by the trial court. Then, acceding to defense counsel's request that the officer answer the question outside the presence of the jury, and, if the answer were no, that the question be asked again in front of the jury and this time answered, the court dismissed the jury for lunch, heard a motion by defendant for a mistrial on the ground that the court should not have excused the jury for lunch without first rectifying the prejudice caused by the question, and took testimony from the officer, who stated that he could not say for sure whether he had previously arrested defendant. After the lunch break, the court denied the motion for a mistrial, accepted a stipulation by the parties that the officer had not previously arrested defendant, sustained defendant's objection to the question a second time in front of the jury, instructed the jury that questions alone are not evidence and that it should "dismiss from your mind any reference to that question", and informed the jury of the stipulation. Defendant argues that by leaving the objection "unresolved" over the one-hour lunch period, the court "allow[ed] the inference that [defendant] has a criminal disposition to irrevocably settle into the minds of the jurors", but, "it cannot be presumed that the jurors would disregard the Trial Judge's instruction that they could not consider [the improper question] in reaching their verdict" (People v Davis, 58 NY2d 1102, 1104). In any event, any prejudice caused by the question was harmless in view of the stipulation and overwhelming evidence of defendant's guilt. Concur—Sullivan, J. P., Carro, Ellerin, Kupferman and Asch, JJ.